IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GARY ALLEN DARNELL, Institutional ID No. 01719408, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:18-CV-142-D-BQ |
| CHRIS JOLLY, *Police Chief of Memphis, TX*, et al., | ) ) ) ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

### I.   Background

Pro se Plaintiff Gary Allen Darnell filed this action under 42 U.S.C. § 1983 on July 27, 2018, alleging that his constitutional rights were violated during his March 20, 2017, arrest. Compl., at 3–12.[1] (ECF No. 3). The undersigned reviewed Darnell's Complaint, as well as authenticated records provided by the Memphis Police Department, and ordered Darnell to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 23. On December 7, 2018, Darnell filed his responses to the court's questionnaire. ECF No. 27. Darnell did not, however, sign and date the questionnaire, declaring under penalty of perjury that his responses are true and correct. *See id.* Instead, Darnell wrote the following: "This

---

[1] Page citations to Darnell's pleadings refer to the electronic page number assigned by the court's electronic filing system.

1

questionnaire is under duress by declaration. G.D." *Id.* Accordingly, the court granted Darnell a ten-day extension to fully answer under oath the court's questionnaire. ECF No. 28. On January 8, 2019, Darnell filed his responses under oath and, although not timely filed, the undersigned has considered Darnell's responses in the screening process. ECF No. 30.

Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends that Darnell's claims against the City of Memphis and Kilo, a Memphis Police Department police dog, be dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[2]

## II.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining

---

[2] By separate order, the undersigned has required Defendant Chris Jolly to answer or otherwise plead with respect to Darnell's claim against him for excessive use of force.

that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical or other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III.  Discussion

#### A. Darnell's Claims.

In his Complaint, Darnell names as Defendants the City of Memphis (City) and Kilo, a Memphis Police Department police dog. Compl., at 1, 3. Construing his allegations liberally, Darnell claims that Kilo used excessive force against him after Memphis Police Department Chief of Police Chris Jolly directed Kilo to attack Darnell. *Id.* at 3, 4. Darnell further contends that the City, through its mayor, is liable for the actions of Chief Jolly because it continues to employ Jolly "even after numerous complaints." *Id.* at 3; Questionnaire, at 1 (ECF No. 30).

#### B. Kilo is not a proper defendant in this § 1983 action.

Darnell alleges that Kilo "attack[ed] [him] while [he] was handcuffed lying on the ground." Compl., at 4. To the extent Darnell intends to hold Kilo liable for any alleged use of force, the dog is not a proper defendant. Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the

3

Constitution and laws" of the United States. 42 U.S.C. § 1983. A dog is not considered a "person" within the meaning of the statute. *See* 1 U.S.C. § 1 (defining "persons" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs); *Dye v. Wargo*, 253 F.3d 296, 299–300 (7th Cir. 2001) (holding that a police "dog is not a proper defendant in litigation under § 1983"); *Price v. New Orleans Police Dep't*, Civil Action No. 09–3241, 2011 WL 1542831, at *1 n.3 (E.D. La. Mar. 18, 2011) (same); *Smith v. P.O. Canine Dog Chas*, No. 02 6240 KMW DF, 2004 WL 2202564, at *4 (S.D.N.Y. Sept. 28, 2004) (same). Accordingly, the district judge should dismiss Darnell's claim against Kilo.

### C. The District Court should dismiss Darnell's claim against the City of Memphis in that he seeks to impose vicarious liability and, in the alternative, Darnell has not alleged sufficient facts to support a claim for direct municipal liability.

Darnell asserts that the City of Memphis, through its mayor, is responsible for Chief Jolly's actions because the City employs Jolly. Compl., at 3 (alleging the City's "continued employment of Officer Jolly" results in liability); Questionnaire, at 1 (naming "[t]he Mayor and any and all individuals, that are responable [sic] in the employment of Police Chief Jolly"), 2 (claiming "[t]he City of Memphis Texas was negligen[t] in keeping me safe and unharmed while in custody by employing . . . Police Chief Chris Jolly"). The City cannot be held vicariously liable, however, for any alleged constitutional violation committed by Chief Jolly. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *see also Gonzales v. Nueces Cty.*, 227 F. Supp. 3d 698, 702 (S.D. Tex. 2017) (dismissing plaintiff's claim against county for the acts of its employees because *Monell* prohibits "municipal liability based on responde[at] superior or vicarious liability"). Thus, to the extent Darnell attempts to hold the City liable merely because it employs Chief Jolly, the district court should dismiss his claim.

Moreover, even liberally construing Darnell's claim as one for direct municipal liability, he likewise has failed to plead facts sufficient to survive screening. Darnell alleges that the City

4

of Memphis, through its mayor, continues to employ Chief Jolly "even after numerous complaints." Compl., at 3; Questionnaire, at 1. When asked to clarify his contention that there have been numerous complaints against Chief Jolly, however, Darnell stated that he "do[es] not have the Information to Provide [the court] with the 'facts' at this time." Questionnaire, at 1. Instead, Darnell generally asserts that "[i]ts [sic] Public Knowledge in Memphis, TX that Police Chief Jolly Is A Crooked Officer." *Id.*

To establish municipal liability under § 1983, a plaintiff must demonstrate the following elements: (1) a policymaker; (2) an official policy; and (3) a policy or custom "whose 'moving force'" causes a violation of constitutional rights. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694). The plaintiff must identify a policy that, when executed, caused him to suffer a constitutional injury. *Monell*, 436 U.S. at 694. A municipality cannot "be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578. The Fifth Circuit has explained that the three elements "must not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997)).

Darnell has failed to plead any facts establishing at least two of the three necessary elements. First, Darnell has not alleged that the City maintains an "official policy"—a policy statement, ordinance, regulation, or a "persistent, widespread practice" of officials and employees that "is so common and well-settled as to constitute a custom that fairly represents municipal policy . . . ." *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir.

5

1984)). Although Darnell generally claims that Chief Jolly has a pattern of unlawful conduct, thereby implying that the City maintains an official policy by condoning such activity, he has not alleged any specific facts supporting this assertion. Indeed, despite being given the opportunity to describe the "numerous complaints" against Chief Jolly and clarify how the City violated his constitutional rights, Darnell lists only one isolated incident—his March 20 arrest. *See* Questionnaire, at 1 (explaining that he is not aware of any other complaints against Chief Jolly but generally believes him to be a "crooked officer"), 2 (contending that the City violated his constitutional rights where, "[a]fter being detained in handcuffs [he] was attacked by a police dog (Kilo) thus, 'crule [sic] and unusual punishment'"). One isolated incident, however, is insufficient to show a custom or practice for purpose of municipal liability. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)) ("Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy."); *see Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009) (affirming district court's conclusion that twenty-seven complaints against police department for alleged use of excessive force did not support conclusion that city maintained official policy of condoning excessive force); *Piotrowski*, 237 F.3d at 581–82 (explaining that plaintiff failed to show existence of a city policy for failure to investigate and discipline officers, where plaintiff did not establish a "pattern of complaints by other citizens").

Darnell's bare allegation that Chief Jolly is a "crooked officer," without more, is insufficient to demonstrate the existence of a "persistent, widespread practice" that "fairly represents municipal policy . . . ." *Piotrowski*, 237 F.3d at 579 (quoting *Webster*, 735 F.2d at 841); *see, e.g., Glud v. City of Aransas Pass*, Civil Action No. 2:14–CV–162, 2015 WL 419499, at *4 (S.D. Tex. Jan. 30, 2015) (granting summary judgment on plaintiff's claim against city because plaintiff failed to offer any evidence suggesting an official policy or custom of the city causing

plaintiff's arrest or assault); *Hatcher v. City of Grand Prairie*, No. 3:14-cv-432-M, 2014 WL 3893907, at *6 (N.D. Tex. Aug. 6, 2014) (citing *White v. Jackson*, Civil Action No. 7:13–cv–0050–O, 2014 WL 99976, at *6 (N.D. Tex. Jan. 10, 2014)) (explaining that "pleadings pertaining to individual actions taken in [a] specific case do not suffice to establish a pattern necessary for municipal liability based on custom or practice"). In short, "[i]t is not enough to say that because an officer did something wrong he must have acted pursuant to some undisclosed custom, practice, or policy that permits such wrongdoing." *Hatcher*, 2014 WL 3893907, at *6.

Darnell has also failed to show that any alleged policy is "the moving force behind, and the direct cause of, the violation of [his] constitutional rights . . . ." *Williams v. Kaufman Cty.*, 352 F.3d 994, 1014 (5th Cir. 2003) (citing *Brown*, 520 U.S. at 404–05). The "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle v. City of Hous.*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Brown*, 520 U.S. at 404). Here, Darnell does not specifically allege that the City maintains a policy of tolerating wrongdoing or the use of excessive force by officers, much less that such policy was the "moving force" behind Chief Jolly's alleged actions. In other words, Darnell has not pleaded facts that would allow the court to infer a "direct causal link" between any City policy and the alleged constitutional violation. *Piotrowski*, 237 F.3d at 580. At best, he merely asserts a personal belief that Chief Jolly's alleged "crooked" actions caused him harm.

In sum, Darnell's conclusory allegations are insufficient to establish municipal liability. The district court should therefore dismiss as frivolous Darnell's claim against the City of Memphis.

## IV.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Darnell's claims against Kilo and the City of Memphis with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The undersigned further recommends that the United States District Court deny Darnell's pending "Motion for Leave to file Motion In Objection" (ECF No. 31) and "Motion In Objection." ECF No. 32. Citing Fed. R. Civ. P. 72 in both motions, it appears Darnell seeks review by the district judge of the undersigned's denial of his prior motions for discovery (*see* ECF No. 7) and seeking appointed counsel (*see* ECF No. 5). *See* ECF Nos. 31, 32. Both motions are untimely, having been filed almost five months beyond the fourteen-day deadline for seeking review of the undersigned's August 8, 2018, orders denying such requests. *See* ECF Nos. 11, 13. Moreover, Darnell has not provided any new bases for appointing counsel or permitting discovery during screening. For these reasons, the undersigned recommends that the motions be denied.

## V.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 16, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE