U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 0 2019

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GARY ALLEN DARNELL, Institutional ID No. 01719408, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:18-CV-142-Z-BQ |
| CHRIS JOLLY, *Police Chief of Memphis, TX*, et al., | § § § § | |
| Defendants. | § § | |

**ORDER**

On May 22, 2019, Defendant Chris Jolly filed a "Motion for Summary Judgment Based on the Issue of Qualified Immunity" (ECF 56). On September 27, 2019, the United States Magistrate Judge entered findings and conclusions on Defendant's motion (ECF 76). The Magistrate Judge RECOMMENDS that Defendant's motion be DENIED. No objections to the finding, conclusions, and recommendation have been filed. After making an independent review of the pleadings, files, and records in this case and the findings, conclusions, and recommendation of the Magistrate Judge, the Court concludes that the findings and conclusions are correct.

"Qualified immunity provides government officials with immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). When examining a motion for summary judgment on the basis of qualified immunity, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986)). Additionally, the Supreme Court has indicated that when parties dispute factual claims in their testimonies, this can suffice to show that there is a genuine issue of material fact in cases where the defense of qualified immunity has been raised. *Tolan*, 574 U.S. at 657–59 (vacating a decision to grant summary judgment on the basis of qualified immunity because the contradictions between the plaintiff's and the defendant's testimonies indicated that there was a genuine issue of material fact). Finally, "permitting a dog to continue biting a compliant and non-threatening arrestee is objectively unreasonable," and is a violation of a clearly established constitutional right vis-à-vis the "excessive use of force." *Cooper*, 844 F.3d at 524–25.

Here, Plaintiff's version of the events leading to the instant cause of action significantly contradicts Defendant's version. Under Plaintiff's version of the events, Plaintiff was subjected to attack by a police dog even though he was compliant and posed no threat due to already being handcuffed. This, if true, would mean that Defendant violated Plaintiff's clearly established constitutional rights. Thus, Defendant is not entitled to qualified immunity at this stage of the case since Plaintiff has shown that there is a genuine issue of material fact as to whether Defendant violated Plaintiff's clearly established constitutional rights vis-à-vis the "excessive use of force."

It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED and that Defendant's Motion for Summary Judgment Based on the Issue of Qualified Immunity is DENIED.

**SO ORDERED.**
SIGNED October 30th, 2019.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE